Argued and submitted July 23, petition dismissed September 10, 1986

In the Matter of the Compensation of
Karen Nicholson, Claimant.

NICHOLSON,
*Petitioner,*

*v.*

LIBERTY MUTUAL INSURANCE,
*Respondent.*

(WCB 82-0285M; CA A37288)

724 P2d 904

Don Dickerson, Eugene, argued the cause for petitioner. On the brief was Steven C. Yates, P.C., Eugene.

Keith D. Skelton, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board issued on its own motion after claimant's aggravation rights had expired. ORS 656.273. Insurer had reopened the claim and voluntarily paid benefits for temporary total disability from April 26, 1982, through May 7, 1982, and from November 28, 1983, through December 13, 1983. The Board, on its own motion, by an order dated August 23, 1984, closed the claim and granted claimant temporary total disability from April 26, 1982, to April 11, 1984.

Both parties protested. Claimant objected to the Board's failure to increase her permanent disability award, and insurer contended that claimant had retired before April 26, 1982, or, in the alternative, that claimant was medically stationary for a portion of the time for which benefits had been granted.

On September 21, 1984, the Board abated its order of August 23, 1984, and on August 28, 1985, it rescinded that order, having concluded that claimant was medically stationary from September 2, 1982, to November 27, 1983, and was not entitled to temporary total disability during that period. It awarded temporary total disability benefits from April 26, 1982, through September 1, 1982, and from November 28, 1983, through April 11, 1984. Claimant seeks review of the August 28, 1985, order.

■■ The August 23, 1984, order clearly was not reviewable.[1] When the Board rescinded that order, it became a nullity. The order of August 28, 1985, is the only own motion order resulting from this proceeding, and it actually *increased* claimant's benefits over those paid by the insurer. It is not reviewable at claimant's request.

Petition dismissed.

---

[1] ORS 656.278(3) provides:

"The claimant has no right to appeal any order or award made by the board on its own motion, except when the order diminishes or terminates a former award. The employer may appeal from an order which increases the award."